# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BETTY SHUMAKE,

    Plaintiff,

v.                                              CASE NO. 4:11cv161-RH/WCS

ENHANCED RECOVERY COMPANY, LLC.,

    Defendant.

_____/

## ORDER FOR TRANSFER

    This case is before the court on the magistrate judge's report and recommendation, ECF No. 5. No objections have been filed. The report and recommendation concludes that the case should be transferred to the Southern District of Georgia. Because the plaintiff apparently did not intend to file the case in the Northern District of Florida and has not objected to the recommendation for transfer to the Southern District of Georgia, I accept the recommendation and transfer the case.

    The plaintiff physically filed the case in the Northern District of Florida. But the case style on the complaint said the case was being filed in the Middle

District of Florida. Thus the plaintiff apparently did not intend to file the case in the Northern District of Florida.

Under 28 U.S.C. § 1391(b), a case that arises under federal law can be brought in a district where a defendant resides, if all the defendants reside in the same state, as well as in a district where a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). For this purpose, a corporation resides in a district where its contacts would be sufficient to subject it to personal jurisdiction (if the district were a separate state). *Id.* § 1391(c).

Here there is a single defendant. It is a corporation that apparently does business in at least the Middle District of Florida and the Northern District of Georgia. If the defendant does in fact do business in those districts, venue is proper there. Venue also apparently is proper in the Southern District of Georgia, where the plaintiff resides and a substantial part of the events giving rise to the claim apparently occurred. Whether venue is proper in the Northern District of Florida is unclear; nothing in the record suggests that the defendant has contacts sufficient to subject it to personal jurisdiction here.

So the plaintiff apparently did not intend to file the case here and has not objected to its transfer to the Southern District of Georgia—one of the districts where venue apparently is proper, and the district that may have the closest actual connection with the case. Transfer to that district is appropriate under 1406(a), if

*Page 3 of 3*

venue is improper in the Northern District of Florida, and otherwise is appropriate under 28 U.S.C. § 1404(a). Accordingly,

    IT IS ORDERED:

    The report and recommendation is ACCEPTED. The case is transferred to the United States District Court for the Southern District of Georgia, Statesboro Division. The clerk must take all steps necessary to effect the transfer.

    SO ORDERED on May 27, 2011.

                                    s/Robert L. Hinkle
                                    United States District Judge