# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | | |
|---|---|---|
| BETTY SHUMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV611-066 |
| | ) | |
| ENHANCE RECOVERY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Betty Shumake has submitted a more detailed *in forma pauperis* petition in compliance with the Court's June 9, 2011 order directing her to do so. (Doc. 10 (motion); doc. 9 (order).) According to her motion, she has no money in the bank and her monthly expenses consume nearly all of her income. (Doc. 10.) Accordingly, the Court is satisfied that she cannot afford to pay the costs of litigation and still provide for herself and any dependents. 28 U.S.C. § 1915; *see Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948). The case is therefore ready to proceed. The Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and a copy of his original application to proceed *in*

*forma pauperis* with this action to the United States Marshal for service upon defendant in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h).

## I.    FURTHER INSTRUCTION

It is further **ORDERED** that plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or its counsel.  Fed. R. Civ. P. 5.  "Every pleading must have a caption with the court's name, a title, [and] a file number."  Fed. R. Civ. P. 10(a).  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court of any change of address during the pendency of this action. Local Rule 11.1.  Failure to do so may result in dismissal of this case.

Local Rule 41.1.

Plaintiff is responsible for pursuing this case. For example, if plaintiff wishes to obtain facts and information about the case from defendant, she must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery. However, under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f). If plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

Interrogatories and requests for the production of documents provide a practical method of discovery for *pro se* litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as defendants. Interrogatories and requests for production *shall not be filed with the court*. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P.

33(a)(1). If plaintiff wishes to propound more than twenty-five interrogatories to a party, she must have permission of the Court. *Id.* In a request for production, plaintiff may request the opposing party to produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as defendant's place of business) for making the inspection. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact the attorney for defendant to try to work out the problem; if the problem cannot be resolved, plaintiff must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Plaintiff has the responsibility for maintaining her own records of the case. If plaintiff loses papers and needs new copies, she may obtain them from the online docket or from Clerk of Court at the standard cost of fifty cents ($.50) per page.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject plaintiff to severe sanctions, *including dismissal of this case*. Should the defendant endeavor to take plaintiff's deposition, plaintiff shall permit her deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

## II.    ADDITIONAL INSTRUCTIONS

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if plaintiff fails to respond to a motion to dismiss, the Court will assume that plaintiff does not oppose defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no

opposition to the motion. Furthermore, each material fact set forth in the defendant's statement of material facts will, if evidentially supported, be deemed admitted unless specifically controverted by an opposing statement. Should defendant file a motion for summary judgment, plaintiff is advised that she will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance upon the conclusory allegations contained within the complaint. Should the defendant's motion for summary judgment be properly supported by affidavit(s), plaintiff must file counter-affidavits if she desires to contest an evidentially supported statement of the facts from the defendant. Should plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: the factual assertions made in defendant's affidavits will be accepted as true and summary judgment will be entered against her pursuant to Fed. R. Civ. P. 56.

**SO ORDERED** this  28th  day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA