UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| BETTY SHUMAKE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENHANCED RECOVERY )<br>COMPANY, LLC, )<br>)<br>)<br>)<br>Defendant. )<br>_____ ) | Case No.:   6:2011-CV-00066 |

## DEFENDANT'S PROPOSED RULE 26(f) REPORT

**1.     Date of Rule 26(f) Conference:**  Undersigned counsel for Defendant has made an attempt to contact Plaintiff, who is pro se, to conduct a Rule 26(f) conference but has not been able to secure Plaintiff's participation.  As such, this proposed report only represents Defendant's portion of the report.

**2.     Parties or counsel who participated in the conference:**  N/A.

**3.     If any defendant has yet to be served, please identify the defendant and state when service is expected.**  N/A.

**4.     Date the Rule 26(a)(1) disclosures were made or will be made:**  Defendant will make its initial disclosures in accordance with Federal Rule 26(a)(1)(c).

**5.  If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,**

 **(a) Identify the party or parties making the objection or proposal:**  None.

 **(b) Specify the objection or proposal:**  None.

6.      The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

   (a)   **Identify the party or parties requesting additional time:** None.

   (b)   **State the number of months the parties are requesting for discovery:** None.

   (c)   **Identify the reason(s) for requesting additional time for discovery:** None.

   (d)   **Please provide a brief statement in support of each of the reasons identified above:** None.

7.      If any party is requesting that discovery be limited to particular issues or conducted in phases, please list those.

   (a) **Identify the party or parties requesting such limits:** Not applicable.

   (b) **State the nature of any proposed limits:** Not applicable

8.      The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference or 60 days after the answer, whichever is later |

In the event Plaintiff has named no expert, but wishes to name an expert in rebuttal to Defendant's expert, that designation and report will be due no later than 120 days after Rule 26(f) conference or 60 days after the answer, whichever is later.

| | |
|---|---|
| Last day to file motions | 30 days after close of discovery. |

If any party requests a modification of any of these deadlines,

(a) Identify the party or parties requesting the modification:

Not applicable

(b) State which deadline should be modified and the reason supporting the request:

Not applicable

**9.  If the case involves electronic discovery,**

**(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:**

No agreement has been reached and Defendant does not anticipate that this case will involve electronic discovery.

**(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:**  None.

**10. If the case is known to involve claims of privilege or protection of trial preparation material.**

**(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:**

The parties have not reached such agreement.  This case, however, is not one known to involve unusual or peculiar claims of privilege or work-product protection.  Defendant will, however, comply with the procedures set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to any such claims of privilege or protection.

    **(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):** Not applicable.

    **(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:** Not applicable.

    **11. State any other matters the Court should include in its scheduling order:** None at this time.

    **12. The parties certify by signature below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:**

    Undersigned counsel has attempted to contact Plaintiff, who is pro se, but as yet has been unsuccessful.

    Respectfully Submitted,

                              GILBERT, HARRELL, SUMERFORD
                              & MARTIN, P.C.

                              /s/Jeffrey S. Ward
                              Jeffrey S. Ward
                              Georgia Bar No. 737277

777 Gloucester Street
Suite 200
P.O. Box 190
Brunswick, Georgia 31520
Telephone:    (912) 265-6700
Facsimile:    (912) 264-3917
jward@gilbertharrelllaw.com        **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Defendant's Proposed Rule 26(f) Report** has been served upon the following counsel of record for all parties on this the 19th day of September, 2011 via First Class U.S. Mail, postage pre-paid:

**Betty Shumake, Pro Se**
**Post Office Box 465**
**Millen, Georgia 30442**

*s/ Jeffrey S. Ward*_____
Jeffrey S. Ward